[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: January 24, 1992 Date of Application: January 24, 1992 Date Application Filed: February 7, 1992 Date of Decision: January 28, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Number CR88-60409.
John R. Williams, Esq., Defense Counsel, for Petitioner.
Carl E. Taylor, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
After a plea of nolo contendere, petitioner was convicted of the offense of employing a minor in an obscene performance in CT Page 1347 violation of General Statutes § 53a-196a; sexual assault in the first degree in violation of 53a-70 (a); nine counts of risk of injury to a minor in violation of § 53-21; twenty counts of sexual assault in the second degree in violation of § 53a-71 (a)(1); and sexual assault in the fourth degree in violation of § 53a-73a(a)(1)(A).
As a result of such conviction, a sentence of twenty-five years was imposed on the first count. A twenty-year concurrent sentence was imposed on the second count. On the risk of injury charges, a three-year consecutive sentence was imposed on the first count and one-year concurrent sentences were imposed on the remaining counts. On the fourth count involving sexual assault in the second degree, a one-year concurrent sentence was imposed and on the sexual assault in the fourth degree a one-year concurrent sentence was imposed. The total effective sentence was 28 years.
The facts underlying petitioner's conviction indicate that in August of 1987, the police received 194 photos of children in various stages of dress and undress, some with heavy makeup and costumes. The photographs indicate that the children were posing for the photographs. The photographs were received from a photography processing company in Massachusetts and were traced to petitioner's wife.
A search and seizure warrant was executed at petitioner's residence. Seized were quantities of photographs of male and female children posing in the nude. Police investigation indicated that written permission from the parents of the children had been obtained prior to petitioner taking the photographs. There was also evidence that the children were subject to severe and repeated acts of sexual assault and intercourse by both petitioner and his wife.
Petitioner's attorney argued that the sentence imposed was excessive. He stated that although the crime was serious and did have an effect upon the victims, the sentence was much more severe than sentences imposed for crimes causing death and serious injuries. The attorney stated that the purpose of sentence review was to make certain that sentences are comparable. He argued that defendant's conduct here was a result of traumas inflicted upon him as a child. The attorney admitted that this was not an excuse for the conduct, but that it was a factor which should be considered. Petitioner's lack of prior serious criminal record was also stressed. The attorney argued CT Page 1348 that a sentence in the ten to fifteen-year range would be more appropriate.
Speaking on his own behalf, petitioner recognized the seriousness of his offenses and acknowledged that his conduct was wrong. He stated that the offenses were not premeditated and that no photographs involved children involved in sexual contact. Petitioner also stated that he cooperated with the police throughout the proceedings and requested a reduction.
The state's attorney argued against any reduction in sentence. He stated that petitioner's conduct involved four children of tender years. He indicated that petitioner gave the children marijuana and alcohol to facilitate his imposing his will on them. The state's attorney also stressed the effect of the sexual abuse of the children, emphasizing the long-term effect it would have on them. It was argued that petitioner's crimes would affect the children for the rest of their lives. The state's attorney agreed that the sentence imposed was substantial, but he claimed that it was appropriate under the circumstances.
Petitioner contends that the sentence imposed was excessive. The offenses for which he was convicted, however, are extremely serious. Employing a minor in an obscene performance is a class A felony and sexual assault in the first degree is a class B felony. In theory, petitioner was exposed to a sentence in excess of 300 years. The prime index of the gravity of a particular crime is the length of the statutorily authorized prison term that a defendant convicted of the crime may be required to serve.State v. Tucker, 219 Conn. 752, 759 (1991).
At sentencing, the State and the guardian ad litem for the children recommended a sentence of fifty years. When petitioner entered his plea, the Court indicated that a sentence of not less than 26 and not more than thirty years would be appropriate. By entering his plea, petitioner accepted a sentence in this range. The sentence imposed fell within the parameters of the indicated sentence.
Considering the nature of the offenses, the character of the offender and the need to protect the public from such conduct, it cannot be found that the sentence imposed was inappropriate or disproportionate. Connecticut Practice § 942. CT Page 1349
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, 3., and Norko, J. participated in this decision.